

**THE CITY OF NEW YORK**

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Jennifer L. Rubin
Assistant Corporation Counsel
jerubin@law.nyc.gov
(212) 788-1029
(212) 788-9776 (fax)

August 30, 2007

**BY FAX 212-805-7927**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
40 Centre Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/07

Re: Coppage v. City of New York, et al.
    07 CV 6364 (NRB) (HBP)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney in the Office of the Corporation Counsel. I write to respectfully request an enlargement of time from August 30, 2007 until October 30, 2007 for the City of New York to answer or otherwise respond to plaintiff's complaint. Plaintiff's counsel, Alan D. Levine, Esq., has agreed to the enlargement of time.

    In accordance with this office's obligation under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that he was subjected to excessive force by members of the New York City Police Department on or about April 23, 2007. Accordingly, it is necessary for defendant City of New York to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. To that end, this office is in the process of forwarding to plaintiff for execution a N.Y.C.P.L. § 160.50 release so that we can access the sealed records from his underlying criminal prosecutions.

    Further, according to the docket sheet, Officers Sinclair and Tasci have been served with process. This office has not discussed with these officers the manner of service, and we make no representation herein as to the adequacy of process on these officers. Although this office does not currently represent Officers Sinclair and Tasci in this action, and assuming these officers were properly served, this office respectfully requests this extension on behalf of these officers, in order that these officers' defenses are not jeopardized. The extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and

*[handwritten margin note: So ordered. Naomi Reice Buchwald, USDJ 9/6/07]*

based on a review of the facts of this case, whether we may represent the individually named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2nd Cir. 1985) (quoting Williams v. City of New York et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Accordingly, defendant City respectfully requests that its time to respond to the complaint be extended to October 30, 2007. Furthermore, without appearing on their behalf or making any representations as to the adequacy of service or otherwise, I also respectfully request a similar enlargement of time to answer or otherwise respond to plaintiff's complaint on behalf of Officers Sinclair and Tasci.

Thank you for your consideration of these requests.

Respectfully submitted,

Jennifer L. Rubin (JR 7938)
Assistant Corporation Counsel

cc: Alan D. Levine, Esq. (By Fax)