UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAVID COPPAGE,

                                               Plaintiff,    **ANSWER TO COMPLAINT**

            -against-

P.O. MICHAEL SINCLAIR, P.O. RAFFI TASCI, AND    **07 CV 6364 (NRB)**
THE CITY OF NEW YORK,

                                                      **Jury Trial Demanded**
                                            Defendants.

------------------------------------------------------------------------ x


        Defendants City of New York, Police Officer Sinclair, and Police Officer Tasci, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Paragraph "1" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Paragraph "6" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that P.O. Michael Sinclair is employed by the City of New York in the New York Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that P.O. Raffi Tasci is employed by the City of New York in the New York Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York is a municipal corporation.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to proceed as stated therein.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff's claims have not been settled.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that this action was filed on July 12, 2007.

15. In response to the allegations set forth in paragraph "15" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "14" inclusive of this answer, as if fully set forth herein.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "39" inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Defendants state that the allegations set forth in paragraph "44" of the complaint sets forth legal conclusions to which no response is required.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "46" inclusive of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint, and further state that the allegations pertaining to the scope of employment constitute legal conclusions to which no response is required.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "52" inclusive of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint, and further state the scope employment is a legal conclusion.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "58" inclusive of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

64. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

65. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

66. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

68. Plaintiff has failed to comply with New York General Municipal Law §50-e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

69. Plaintiff provoked any incident.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

70. Punitive damages cannot be recovered against the City of New York.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

71. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

72. There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

73. The defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants City of New York, Police Officer Sinclair, and Police Officer Tasci, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 30, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                        City of New York
                        Attorney for Defendants City of New York, Police Officer Sinclair, and Police Officer Tasci
                         100 Church Street, Room 3-180
                        New York, New York 10007
                        (212) 788-1029

By:   /s/
      _____
      JENNIFER L. RUBIN
      Assistant Corporation Counsel

To:   Alan D. Levine, Esq. (by ECF)
      81-02 Kew Gardens Road
      Kew Gardens, New York 11415